**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**MATTHEW MULDOWNEY, individually and on
behalf of all others similarly situated,**
                    **Plaintiff,**

    v.                                                                 **5:19-CV-422
(TJM/TWD)**

**AMERICAN CORADIUS INTERNATIONAL, LLC,**

                    **Defendant.**
_____

**Thomas J. McAvoy,
Sr. U.S. District Judge**

## DECISION & ORDER

      Defendant has filed a motion for judgment on the pleadings in this action. See dkt. # 6. The parties have briefed the issues, and the Court has determined to decide the matter without oral argument.

**I.    BACKGROUND**

      This matter concerns Defendant's alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*. Plaintiff alleges that he is a "consumer" within the meaning of the FDCPA, and that "Defendant regularly collects or attempts to collect debts asserted to be owed to others." Complaint ("Complt."), dkt. # 1, at ¶¶ 7, 9. Defendant, Plaintiff alleges, also "is regularly engaged, for profit, in the collection of debts allegedly owed to consumers." Id. at ¶ 10.

      Plaintiff's Complaint alleges that Defendant claims Plaintiff owes a debt. Id. at ¶ 25.

1

That debt, Plaintiff contends, allegedly obliges Plaintiff to pay money as a result of a transaction focused "primarily" on "personal, family, or household purposes." Id. at ¶ 26. The debt did not come out of Plaintiff's business activities. Id. at ¶ 27. At some point, that debt 'was assigned or otherwise transferred to Defendant for collection." Id. at ¶ 29. At the point of transfer, Plaintiff alleges, he was in default on the debt. Id. at ¶ 30.

Plaintiff annexes to the Complaint a copy of a letter, dated April 17, 2018, that Defendant sent Plaintiff in an effort to collect on the debt. Id. at ¶ 31; see Exh. 1 to Complaint, dkt. # 1-1. That letter contained information regarding the alleged debt. Id. at ¶ 32. It was the first written communication Plaintiff received from Defendant regarding the debt. Id. at ¶ 34. Plaintiff alleges that this communication violated the FDCPA.

The Plaintiff's Complaint contains three counts.[1] Count 1 alleges that the format of the debt collection sent by the Defendant violates the terms of the FDCPA and would serve to confuse the least sophisticated consumer, violating the terms of the FDCPA. Count 2 alleges that Defendant violated the FDCPA by failing to clearly convey certain information about the party to whom Plaintiff owed the debt. Count 3 alleges that Defendant made false or misleading representations about the name of the party to whom the debt was owed. Plaintiff seeks statutory damages under the FDCPA.

After being served with the Complaint, Defendant filed the instant motion for judgment on the pleadings. See dkt. # 6. The parties have briefed the issues, bringing the case to its present posture.

## II. LEGAL STANDARD

---

[1] The Complaint also contains allegations which purport to establish a class action. They are not at issue in the instant motion.

Defendant has moved to dismiss the matter pursuant to Federal Rule of Civil Procedure 12(c).[2] "The standard for addressing a Rule 12(c) motion for judgment on the pleadings is the same as that for a Rule 12(b)(6) motion to dismiss for failure to state a claim." Cleveland v. Caplaw Enters., 448 F.3d 518, 521 (2d Cir. 2013). Defendant argues that Plaintiff has not stated a claim upon which relief could be granted, even if all factual allegations in the complaint were proved true. In addressing such motions, the Court must accept "all factual allegations in the complaint as true, and draw[] all reasonable inferences in the plaintiff's favor." Holmes v. Grubman, 568 F.3d 329, 335 (2d Cir. 2009). This tenet does not apply to legal conclusions. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. (quoting Bell Atl. v. Twombly, 550 U.S. 544, 570 (2007)). As a general matter, the court examines "the facts as asserted in the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." McCarthy v. Dun & Bradstreet Corp., 582 F.3d 184, 191 (2d Cir. 2007). The Court "may also consider matters of which judicial

---

[2]Plaintiff argues that the Court should not consider the motion because Plaintiff filed the motion for judgment on the pleadings before filing an answer, which he claims violates the language of Rule 12(c). Defendant responds that the Court should simply treat the motion as a pre-answer Rule 12(b)(6) motion, since the standards are the same. The Court will treat the matter as a Rule 12(b)(6) motion. At issue in this matter is the letter Defendant filed seeking payment on a debt. In deciding a Rule 12(b)(6) motion, the court examines "the facts as asserted in the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." McCarthy v. Dun & Bradstreet Corp., 582 F.3d 184, 191 (2d Cir. 2007). The letter seeking payment on the debt is attached as an exhibit to the Complaint.

3

notice may be taken under Fed. R. Evid. 201." Kramer v. Time Warner, Inc., 937 F.2d 767, 773 (2d Cir. 1991).

## III. DISCUSSION

### A. The Fair Debt Collection Practices Act

"The purpose of the FDCPA is to 'eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.'" Kropelnicki v. Siegel, 290 F.3d 118, 127 (2d Cir. 2002) (quoting 15 U.S.C. § 1692(e)). To achieve these ends, "the FDCPA creates a private right of action for debtors who have been harmed by abusive debt collection practices." Benzemann v. Citibank, N.A., 806 F.3d 98, 100 (2d Cir. 2015). "The FDCPA is a strict liability statute: The plaintiff 'does not need to show intentional conduct on the part of the debt collector.'" Arias v. Gutman, Mintz, Baker & Sonnenfeldt, 875 F.3d 128, 134 (2d Cir. 2017). The "'remedial'" purpose of the statute requires courts to "construe" its provisions "'in [a] liberal fashion[.]'" Id. (quoting Vincent v. Money Store, 736 F.3d 88, 98 (2d Cir. 2013)).

Since Congress passed the FDCPA "to protect consumers from deceptive or harassing actions taken by debt collectors[,]" courts examine "FDCPA violations under the so-called least-sophisticated-consumer standard[.]" Kropelnicki, 290 F.3d at 127. Such a person "lacks the sophistication of the average consumer and may be naive about the law, but is rational and possesses a rudimentary understanding of the world." Arias, 875 F.3d at 135. Courts employ an "objective" standard in this evaluation, "pay[ing] no attention to

4

the circumstances of the particular debtor in question' and ask[ing] only 'whether the hypothetical least sophisticated consumer could reasonably interpret' the representation in a way that is inaccurate." Id. (quoting Easterling v. Collector, Inc., 692 F.3d 229, 234 (2d Cir. 2012)(emphasis in original)).

> **B.** **The Communication in Question**

Plaintiff attached to his Complaint the communication in question. Dated April 17, 2018, the letter is addressed to the Defendant at an address in Tully, New York. See dkt. # 1-1. The top of the letter contains an address in Texas on the first two lines of the left side. Id. On the right side, the top two lines contain the name of the Defendant, American Coradius International, LLC, and a toll-free number. Id. Below the Defendant's name and telephone number on the right side of the letter are six lines: the first lists "Comenity Capital Bank" as "creditor"; the next lists the same bank as the original creditor; the third line contains an account number; the fourth a reference number; the fifth an account balance; and the sixth contains a space with "amount remitted" and no entry. Id. Below this information on the left side is Plaintiff's name and address. Id. Defendant's name and address are stated on the right side, along with a statement, in bold: "Make Checks Payable to:[.]" Id. Across an entire line below this information, but above a dashed line, is the phrase: "PLEASE DETACH HERE AND RETURN THIS PORTION WITH YOUR PAYMENT IN THE ENVELOPE PROVIDED."

Below that dashed line is more information about the debt. First, the letter lists Comenity Capital as the creditor and original creditor, along with an account number and balance. Following this information is a statement addressed to the Plaintiff:

> We are writing to you regarding your PayPal Credit account. The servicer of

5

> PayPal Credit accounts is Bill Me Later, Inc. This account has been placed with our office for collection.
>
> • Total amount of the debt due as of charge-off: . . .
> • Total amount of interest accrued since charge-off: . . .
> • Total amount of non-interest charges or fees accrued since charge-off: . . .
> • Total amount of payments made on the debt since the charge-off: . . .
>
> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.
>
> Sincerely,
>
> Evan Roth
> American Coradius International LLC
> A Professional Debt Recovery Agency
> This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.
> Calls to or from this company may be monitored or recorded for quality assurance purposes.
> This collection agency is licensed by the Department Consumer Affairs of the State of New York .

Id. The letter goes on to offer a means to "resolve" the debt on-line, and ways to use "checking, savings, credit card or debit card accounts" to pay of the debt. Id.

At the end of the first page, the letter contains the following statement, in bold ink and all capitals: "**NOTICE: PLEASE SEE SECOND PAGE FOR IMPORTANT INFORMATION**." Defendant's office address is listed below that statement. Id. The "important information" on the next page provides that:

> We are required by regulation of the New York State Department of Financial Services to notify you of the following information. This information is NOT legal advice. Debt collectors, in accordance with the Fair Debt Collection Practices Act,

6

15 U.S.C. § 1692 et seq., are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to:

> (i) the use or threat of violence;
> (ii) the use of obscene or profane language; and
> (iii) repeated phone calls made with the intent to annoy, abuse, or harass.

If a creditor or debt collector receives a money judgment against you in court, state and feeral laws may prevent the following types of income from being taken to pay the debt:

> 1. Supplemental security income (SSI);
> 2. Social security;
> 3. Public assistance (welfare);
> 4. Spousal support, maintenance (alimony) or child support
> 5. Unemployment benefits;
> 6. Disability benefits;
> 7. Workers' compensation benefits;
> 8. Public or private pensions;
> 9. Veterans' benefits;
> 10. Federal student loans, federal student grants, and federal work study funds; and
> 11. Ninety percent of your wages or salary earned in the last sixty days.

Id.

### B. Defendant's Motion

Defendant seeks dismissal of Plaintiff's claims on various grounds, which the Court will address in turn.

#### i. Failure to Identify Creditor

Defendant first argues that the Court must dismiss Plaintiff's claim that the letter fails to identify the creditor as required by law. Section 1692g(a)(2) of the FDCPA requires the creditor to provide "the name of the creditor to whom the debt is owed." 15 U.S.C. § 1692g(a)(2).

Plaintiff's Complaint alleges that Defendants violated Section 1692g in Count 2 of

7

the Complaint. He alleges that the obligation to provide the debtor with the name of the creditor contains an obligation to "convey such clearly." Complt. at ¶ 85. Moreover, he alleges, "[m]erely naming the creditor without specifically identifying the entity as the current creditor to whom the debt is owed" does not satisfy the statute. Id. at ¶ 87. He alleges that the letter "fails to identify by name and label any entity as 'current creditor,' 'account owner,' or 'creditor to whom the debt is owed.'" Id. at ¶ 90. The letter, he alleges, "[i]nstead . . . sets forth three disparate entities: 'Comenity Capital Bank'; 'Pay Pal Credit'; and 'Bill Me Later, Inc.'" Id. at 91. While the letter claims the debt "has been placed with [Defendant's] office for our collection," it does not specify who placed the account with Defendant and who Defendant represents. Id. at ¶¶ 92-95. The letter also seeks payment made out to Defendant. Id. at ¶ 96. As such, "the least sophisticated consumer" would likely be "confused" and "uncertain" as to whom the debt was owed. Id. at ¶¶ 101-102. Defendant, Plaintiff alleges, violated Section "1692g as it failed to clearly and explicitly convey the name of the creditor to whom the debt is owed.."

Courts have found that "a debt collector's notice will violate Section 1692g if it fails to convey the required information 'clearly and effectively and thereby makes the least sophisticated consumer uncertain as to her rights.'" McStay v. I.C. System, Inc., 308 F.3d 188, 190 (2d Cir. 2002) (quoting Savino v. Computer Credit, Inc., 164 F.3d 81, 85 (2d Cir. 1998)). In identifying the creditor, the notice should permit "[t]he least sophisticated consumer" to "deduce from reading the Collection Letter the name of the creditor seeking collection[.]" Sparkman v .Zwicker & Associates, P.C., 374 F.Supp.2d 293, 301 (E.D.N.Y. 2005). "Merely including the current creditor's name in a debt collection letter, without more, is insufficient to satisfy 15 U.S.C. § 1692g(a)(2)." McGinty v. Professional Claims

8

Bureau, Inc., No. 15cv4356, 2016 WL 6069180 at *4 (E.D.N.Y. Oct. 17, 2016). Still, "'in crafting a norm that protects the naive and the credulous the courts have carefully preserved the concept of reasonableness.'" Id. at 190-191 (quoting Claman v. Jackson, 988 F.2d 1314, 1319 (2d Cir. 1993)). The Court asks "whether the 'least sophisticated consumer' who read the entire letter would have been aware that the name of the creditor appeared in the letter pursuant to 1692g(a)(2)." Dewees v. Legal Servicing, LLC, 506 F.Supp.2d 128, 132 (E.D.N.Y. 2007).

Plaintiff alleges that the letter does not make clear the name of the creditor to whom the debt is owed. Plaintiff contends that Defendant's letter merely references Comenity Capital Bank in the caption of the letter and does not make clear that Comenity is the creditor. Further, Plaintiff insists, Defendant confuses matters by references PayPal and Bill Me Later, Inc., as the holder and servicer of the account in question. The letter does not explain the relationship between these two companies and the bank listed as creditor, nor does it explain what company placed the account with Defendant for collection. The least sophisticated consumer could likely think that the creditor could be either PayPal or Bill Me Later, and not Comenity. Such a consumer, Plaintiff contends, might also think that the creditor is Defendant, since that consumer is directed to send payment to Defendant.

Courts have concluded that "[a] debt collector violates the Act if it fails to convey the information required in the Act." DeSantis v. Computer Credit, Inc., 269 F.3d 159, 161 (2d Cir. 2001). A debt collector can violate the act if, in providing the required information, "it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty." Id. A "communication" that "is 'reasonably susceptible to an

9

inaccurate reading' of the required message," therefore, violates the FDCPA. Id. (quoting Russell v. Equifax A.R.S., 74 F.3d 30, 35 (2d Cir. 1996)).  Plaintiff's position is that, by referencing PayPal and Bill Me Later, Inc., Defendant encouraged a reading of the document that would make one of those two companies, rather than Comenity, the creditor.  The Court does not find that reading of the document reasonable, when considered as a whole.  The layout of the document, which sets off COMENITY CAPITAL BANK, in all capitals, in separate boxes in four places that indicate who the creditor is, makes clear to the least sophisticated consumer to whom the debt is owed, even if other companies are mentioned.  Those boxes purport to name the Creditor in bold print, and the only reasonable reading of the document is to believe the name listed in those boxes, "Comenity" is the creditor.  PayPal and Bill Me Later, Inc., are mentioned only incidentally in the letter, and nothing indicates that they currently own any of the debt.  The motion will therefore be granted in this respect.[3]

### ii. "Overshadowing" Claim

Defendant next seeks dismissal of Plaintiff's "overshadowing" claim. Defendant

---

[3] Plaintiff argues that McGinty v. Professional Claims Bureau, Inc., No. 15cv4356, 2016 WL 6069180 (E.D.N.Y. Oct. 17, 2016), supports his position.  In that case, the debt collector had sent letters about medical debt. Id. at *1.  The letters were captioned with the name of the treatment provider, the patient, and the date of service in the form of: RE: ST. CATHERINE OF SIENNA; Patient Name: CRYSTAL PASKIEWICZ; Service Date: 06/03/13. Id.  Plaintiff argued that the letters were inadequate because they did not "indicate *by label* any 'creditor,' 'account owner,' 'original creditor,' 'current creditor,' or 'creditor to whom the debt is owed.'" Id. at *2.  The court found that the letters failed to satisfy Section 1692g(a)(2) because they did not "explicitly or implicitly identify Plaintiffs' current creditors[.]" Id.  The court found that "the least sophisticated consumer, reading the Collection Letters in their entirety, may be unable to deduce that the Medical Providers are Plaintiff's current creditors[.]" No such labels are missing here, and the least sophistacted consumer here would surely deduce that the current holder of the debt is Comenity Capital Bank.

10

argues that nothing about the directions on the notice to see the second page for important information or the information contained on that page would cause the least sophisticated consumer to become confused about or misunderstand the rights stated on the first page of the letter.

"[T]he FDCPA does not assume that the recipient of a collection letter is aware of her right to require verification of the debt." Jacobson v. Healthcare Fin., 516 F.3d 85, 90 (2d Cir. 2008). Instead, the Act requires the debt collector "to inform the consumer" of the rights the Act provides.[4] Id. This statement about the rights a consumer has to seek proof of the validity of the debt is called "validation language." "When a notice contains language that 'overshadows or contradicts' other language informing a consumer of her rights, it violates the Act.'" Savino v. Computer Credit, 164 F.3d 81, 85 (2d Cir. 1998) (quoting Clomon, 988 F.2d at 1318). "'The juxtaposition of two inconsistent statements renders the notice invalid under § 1692g.'" Id. (quoting Clomon, 988 F.2d at 1318). A

---

[4]The written notice must advise the debtor of:

(1) the amount of the debt;
(2) the name of the creditor to whom the debt is owed;
(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692(a)(1-5).

11

debt collection notice is overshadowing or contradictory if it fails to convey the validation information clearly and effectively and thereby makes the least sophisticated consumer uncertain as to her rights." Id.

Plaintiff argues that the language on the first page of the letter directing the reader to the second page for "important information" is written in larger font than the rest of the letter, including the statement of rights, and is printed in boldface and all capitals. Such a statement, he argues, will draw the readers attention to that page, rather than the first page. The validation language is not contained on the page to which the reader is directed, but in normal-size font in the middle of the first page of the letter, "buried between other disclosures and demands for payment of the debt." The least sophisticated consumer reading this letter would be directed to ignore the portion of the letter focusing on validation, violating the statute.

This is a case where the validation notice is contained on the first page of the document. Plaintiff does not dispute that the notice contained in the document contains the warnings about notice contained in Section 1696g(a)(3-5). Plaintiff claims, however, that a notice contained in bold, all capitals, and larger font directing the reader to a second page would serve to confuse the least sophisticated consumer about her rights. The "important information" contained on that second page concerns rights consumers have under the FDCPA and in New York to be free of threats, profane language, or repeated phone calls from debt collectors. See dkt. # 1-1. The "important information" also contains information about the sorts of income and resources—like social security or workers' compensation benefits–which cannot be subject to debt collection. Id. None of that information is even related to, much less contradictory towards, the rights enumerated

12

on the first page of the letter. The least sophisticated consumer would not find these statements ambiguous or contradictory and would not be left confused about her rights from reading both sets of statements.

In McStay v. I.C. Sys., 308 F.3d 188 (2d Cir. 2002), the Second Circuit Court of Appeals addressed whether a similar letter was confusing or contradictory. The first two paragraphs of the letter in that case informed the debtor that her account was delinquent and had been turned over to a collection agency, and that if she did not pay within thirty days her information would be forwarded to credit reporting agencies. Id. at 189. At the bottom of this first page, the document contained a line that read "**NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION**." Id. The language on the reserve side contained a statement of rights to validate the debt similar to the one contained on the first page of the letter here. Id. Plaintiff conceded that the language was an appropriate statement of her rights, but argued that "the language on the front of the letter was confusing and overshadowed the statutorily required statement of the debtor's rights," which was on the back of the letter. Id. at 190. The Court of Appeals rejected this argument. Id. at 191. The Court found that "when a prominent instruction in the body of the letter warns there is important information on the reserve side, a reasonable reader, even if unsophisticated, would turn the paper over and read the back." Id. As "long as . . . nothing on the front of the letter overshadows or contradicts the validation notice" that arrangement does not violate a debtor's rights by overshadowing the warnings. Id.

The Court finds that Plaintiff has not adequately alleged overshadowing here. Indeed, Plaintiff did not need to go to the second page for important information to get the

13

statutorily required warnings; they were on the first page.  The information on the second page did not contradict those statements, but instead amplified the rights that Plaintiff had in the debt collection process.  Nothing about those statements would "overshadow" the statements on the first page of the documents.  In many ways, they confirmed them.  As such, the Court will grant the Defendant's motion on these grounds as well.

### iii. Leave to Amend

The parties appear to agree that if the Court grants the Defendant's motion in full, the Court will dismiss all three of Plaintiff's claims.  The Court agrees, as all the claims in the Complaint are based on Plaintiff's allegations that the letter violated Section 1696(g), and that he is entitled to the relief contained in other parts of the FDCPA.

Plaintiff argues that he should be given leave to amend his claims if the Court grants Defendant's motion.   The Federal Rules of Civil Procedure provide that "leave to amend the pleadings should be 'freely give[n] . . . when justice so requires.'" AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A., 626 F.3d 699, 725 (2d Cir. 2010)).  Generally, courts in this Circuit have permitted "'a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith.'" Id. (quoting Block v. First Blood Assocs., 988 F.2d 344, 350 (2d. Cir. 1993)).  Still, "motions to amend should generally be denied in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party." Burch v. Pioneer Credit Recovery, Inc., 551 F.3d 122, 126 (2d Cir. 2008) (quoting Forman v. Davis, 371 U.S. 178, 182 (1962)).

The Court will deny Plaintiff's request for leave to replead, as amendment would be futile.  The Plaintiff's claims, and the Court's decision, were based on the contents of the

14

letter Defendant sent Plaintiff seeking to recover on the debt. The Court applied the "least sophisticated consumer" standard in evaluating that letter and determined that none of Plaintiff's claims could survive such a reading. Plaintiff cannot make out a FDCPA claim based on that letter, and amendment would be futile.

**IV.    CONCLUSION**

For the reasons stated above, Defendant's motion to dismiss the Complaint, dkt. # 6, is hereby **GRANTED** with prejudice. The Clerk of Court is directed to close the case.

**IT IS SO ORDERED.**

**DATED:** February 12, 2020

*Thomas J. McAvoy*
Thomas J. McAvoy
Senior, U.S. District Judge